# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAMSON, FREDIA WILLIAMSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 6:19-03089-CV-RK ) ) ) |
| WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING MOTION TO REMAND

Before the Court is Plaintiffs' James and Fredia Williamson ("Plaintiffs") Motion to Remand ("the Motion"). (Doc. 11.) The Motion is fully briefed. (Docs. 12, 15, 18.) After careful consideration and for the reasons below, the Motion is **DENIED**.

### Background

On January 10, 2019, Plaintiffs filed their Petition against Defendants Wyndham Vacation Ownership, Inc. and Wyndham Vacation Resorts, Inc. ("Defendants") in the Circuit Court of Taney County, Missouri. *James Williamson and Fredia Williamson v. Wyndham Vacation Ownership, Inc. and Wyndham Vacation Resorts, Inc.*, Case No.: 1946-CC00006. On March 1, 2019, Defendants removed this action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The Complaint alleges that on October 10, 2017, and July 9, 2018, Defendants made false representations to Plaintiffs in timeshare presentations to convince Plaintiffs to purchase timeshare interests from Defendants. The Complaint asserts two cause of action against Defendants: (1) violation of the Missouri Merchandising Practices Act ("MMPA"), RSMo. § 407.025; and (2) fraudulent misrepresentation.

The parties do not dispute that diversity of citizenship is satisfied. At issue before this Court is whether Defendants have shown the amount in controversy is satisfied by a preponderance of the evidence, and if so, whether Plaintiffs have shown, to a legal certainty, that the amount in controversy cannot be met.

## Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 51 F.3d 812, 816 (8th Cir. 2009). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "[T]he amount in controversy is measured by the value of the right that [plaintiff] seeks to protect or the value of the object that is the subject matter of the suit." *Churchill in Crestwood, LLC v. Schwartz*, 2011 WL 7109212, at *4 (W.D. Mo. Jan. 27, 2011) (citing *Neely v. Consol, Inc.*, 25 F. App'x 394, 400 (6th Cir. 2002) (stating that where a plaintiff seeks to rescind a contract, the contract's entire value is the amount in controversy)). If the case does not fall within the district court's original jurisdiction, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Removal statutes are construed against removal and in favor of remand. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 8857, 861 (8th Cir. 2002).

A party seeking removal and opposing remand carries the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "The preponderance standard requires the moving party to present some specific facts or evidence demonstrating that the jurisdictional amount has been met such as responses to discovery requests or damage recoveries in similar cases." *Claxton v. Kum & Go, L.C.*, 2014 WL 6685816, at *2 (W.D. Mo. Nov. 26, 2014) (internal quotation marks and citation omitted). "In computing the amount in controversy, a removing party may include punitive damages and statutory attorney fees." *Id.* "Once the removing party has established by a preponderance of the evidence that the jurisdictional amount is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 3. A plaintiff cannot meet the legal certainty standard if there is a possibility that the jurisdictional amount will be satisfied. *Id.*

## Discussion

Plaintiffs seek the following relief in their Complaint: compensatory damages, recession of the timeshare agreements, reasonable attorney's fees, and punitive damages. The parties agree that Plaintiffs' actual damages are $51,422.09. Next, as to attorney's fees, Plaintiffs argue that even if a one-third contingency fee arrangement was utilized, resulting in $17,138.98 in

attorney's fees, the amount in controversy would not be satisfied. However, Plaintiffs have failed to factor a punitive damages award in this calculation.

In their Complaint, Plaintiffs allege punitive damages are appropriate because Defendants' acts were "willful, wanton and in complete disregard of Plaintiffs' rights." (Doc. 1-1, ¶ 36.) Plaintiffs allege that Defendants coerced and deceived Plaintiffs into purchasing a timeshare by employing high pressure sales tactics, and Defendants did not explain or disclose the specific terms and rules of the timeshare until after the transaction was completed. The Court finds a jury may find Defendants' alleged conduct sufficient to award punitive damages.[1]

Because the Court has determined a jury may reasonably award punitive damages, the Court will consider a punitive damages award in the amount in controversy determination. In *Lewellen v. Franklin*, the Supreme Court of Missouri held that juries are given discretion to determine the amount of punitive damages to award. 441 S.W.3d 136, 150 (Mo. banc 2014). "[T]here is no mathematical formula applied to determine punitive damages and they need not bear any specific relationship to the actual damages received." *Finley v. Empiregas, Inc. of Potosi*, 975 F.2d 467, 473 (8th Cir. 1992). Defendants' briefing provides similar MMPA cases with large punitive damages ratios as compared with this case.[2] Plaintiffs do not provide any case authority in support of its punitive damages argument and only conclusory allegations that the amount in controversy is not satisfied.

Here, considering compensatory damages of approximately $51,400 and attorney's fees of approximately $17,100, a punitive damages award of only $6,439.93 or greater would satisfy the amount in controversy. This amount represents only 12.5% of the compensatory damages. Much higher percentages have been found to be reasonable in other cases. "Assuming Plaintiff's actual damages are probably less than $10,000 . . . [t]he possibility of punitive damages and attorney's fees, however, means that a fact finder could legally conclude that Plaintiff's damages are greater than $75,000." *Dowell v. Debt Relief America, L.P.*, 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007). "Although the punitive damages awards in these [MMPA] cases were made

---

[1] "Under the MMPA, [t]he court may, in its discretion, award punitive damages against defendants who employ fraudulent selling practices." *Chong v. Parker*, 361 F.3d 455, 458 (8th Cir. 2004) (internal quotation marks and citation omitted). "Only outrageous conduct stemming from an evil motive or reckless indifference can give rise to an award of punitive damages." *Id.*

[2] *Lewllen v. Franklin*, 441 S.W.3d 136 (Mo. banc 2014); *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191 (W.D. Mo. May 28, 2013).

to a class, they show that juries are allowed to assess large punitive damages awards in MMPA cases." *Id; see also Muhammad v. Public Storage*, 2014 U.S. Dist. LEXIS 79778, at *3-4 (W.D. Mo. June 12, 2014) (the court held an award of actual damages of $20,000 was sufficient to meet the amount in controversy when considering the possibility of punitive damages and attorney's fees).

After careful consideration, the Court finds Defendants have established by a preponderance of the evidence the amount in controversy requirement. Assuming Plaintiffs are successful, their compensatory damages are approximately $51,000. Additionally, the possibility of punitive damages and attorney's fees, leads a fact finder to legally conclude that Plaintiffs' monetary recovery may exceed $75,000. Because the Court finds that Defendants have shown the amount in controversy is satisfied, remand is only appropriate if Plaintiffs show that, to a legal certainty, the amount in controversy cannot be satisfied. Plaintiffs have not shown to a legal certainty that the amount in controversy cannot be satisfied; therefore, Plaintiffs have failed to meet their burden.

## Conclusion

Accordingly, after careful consideration and for the reasons above, the Motion (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 6, 2019